## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 12-61233-Civ-SCOLA

GARY EMBREY and MELANIE JOLLES

      Plaintiffs,

vs.

FIRST FRANKLIN FINANCIAL
CORPORATION, *et al.*,

      Defendants.

_____/

### ORDER ON DEFENDANTS' MOTION TO DISMISS

      THIS MATTER is before the Court on the Defendants' Motion to Dismiss all five counts of the Plaintiffs' Complaint.  For the reasons explained in this Order, the Motion is granted in part and denied in part.  Counts II and IV are dismissed without prejudice, with leave to be refiled.  Count III is dismissed with prejudice.  Counts I and V remain.

### I. BACKGROUND[1]

      The Plaintiffs, whose troubles began with a sinkhole on their property, now find themselves in a sinkhole of litigation.  Gary Embrey and Melanie Jolles, husband and wife, learned of sinkhole damage to their home in early 2010.  The Plaintiffs' initial claim to their insurance company was denied.  In the spring of 2010 the Plaintiffs filed a lawsuit against their home insurance carrier.  Throughout the lawsuit against their insurer, the Plaintiffs were in communication with their mortgagees – the Defendants in this action.[2]

      The Plaintiffs advised the Defendants that they were not able to continue with their mortgage payments since they were forced to relocate from the property, while continuing to battle the insurance company in court.  The Defendants agreed to temporarily withhold any

---

[1]  These facts are taken from the Plaintiffs' Complaint.  *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and resolve them in the light most favorable to the plaintiff.").

[2]  The Defendants consist of First Franklin Financial Corporation, the original mortgagee of the Plaintiffs' first and second mortgages, Deutsche Bank, the current mortgagee of the Plaintiffs' first mortgage, and Wilmington Trust, the current mortgagee of the Plaintiffs' second mortgage.

adverse credit reporting due to the Plaintiffs' failing to make their mortgage payments.   The Defendants also agreed to consider the Plaintiffs' application for a forbearance plan.

In January 2011, the Plaintiffs settled their claim with the insurance company for the coverage limits.   Those funds are currently held in escrow.   As it turns out, the cost of repairing the Plaintiffs' home exceeds the amount of the insurance settlement.   The only economically feasible option is to raze the house, shore up the sinkhole and prepare the property for resale as a ready-for-construction lot.   Since the property is waterfront, the real value is the land and not necessarily the structure.

In February 2011, the Plaintiffs presented the Defendants with a detailed proposal to dispose of the property and the insurance proceeds.   Under this plan the Plaintiffs' mortgage loan would be reinstated but they would not be required to make mortgage payments.   The insurance money would be used to demolish the structure on the property and to make the property ready for new construction.   The Plaintiffs would also be reimbursed from the insurance proceeds for their insurance-litigation expenses and others costs incurred in maintaining the property.

After unsuccessful efforts to reach an agreement with the Defendants as to the application of the insurance money, the Plaintiffs filed this lawsuit.   The Plaintiffs seek a declaratory judgment as to the parties' rights and obligations under the mortgage contracts.   The Plaintiffs are also proceeding on four other grounds: breach of contract, unjust enrichment, violation of the Fair Credit Reporting Act and slander of credit.   The Defendants have moved to dismiss each of their claims.

## II. Legal Standards

A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).   When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).   "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### III. ANALYSIS

A. <u>*Count I: Declaratory Judgment*. Since the Defendants have argued for the dismissal of a non-existent claim, this claim will not be dismissed.</u>

Count I is an "action for declaratory relief pursuant to 28 U.S.C. § 2201." (Compl. ¶ 58, ECF No. 1.) Clearly this claim is brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. But the Defendants argue that the claim should be dismissed because it fails to comport with Florida's Declaratory Judgment Act. (*See* Mot. Dismiss 5-6, ECF No. 9 (citing case law addressing Florida's Declaratory Judgment Act only).) The Defendants do not argue or explain whether there is any correlation or commonality between the two declaratory judgment acts.

"[C]ourts do not sit as self-directed boards of legal inquiry and research." *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983). The Defendants' arguments as to Count I miss the mark. The Defendants have basically argued for the dismissal of a non-existent claim. Perhaps many of the Defendants' arguments made regarding Florida's Declaratory Judgment Act apply with equal force to the actual claim brought under the Federal Act; or, maybe not. But, it is not the role of the Court to blindly feel its way through this uncertainty. *See, e.g.*, *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority . . . forfeits the point.).

B. <u>*Count II: Breach of Contract*. This claim must be dismissed because the complaint's exhibits refute the Plaintiffs' allegations of the existence of a contract.</u>

The Plaintiffs allege that the Defendants "agreed not to place any adverse credit reports" regarding Jolles and "agreed . . . to permit Jolles to obtain a forbearance of the loan payments."

(Compl. ¶ 67, ECF No. 1.)  The Defendants allegedly breached this contract by placing negative credit reports regarding Jolles and by "denying her the opportunity of forbearance."  (*Id.* ¶ 69.) The Plaintiffs have attached the purported contract as an exhibit to their claim.  (*Id.* ¶ 67, Ex. 9, ECF No. 1-13.)[3]  This exhibit is "a part of the pleading for all purposes."  Fed. R. Civ. P. 10(c).

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."  *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009).  "To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms."  *Id.*

Exhibit 9 reveals that no contract existed establishing the obligations alleged by the Plaintiffs in this claim.  (*See* Compl. ¶ 67, Ex. 9, ECF No. 1-13.)  Exhibit 9 reads that the Defendants withheld adverse credit reports regarding Jolles "[a]s a courtesy," although they had "no obligation to do so."  (Compl. Ex. 9 pp. 2-3.)  The July 30, 2010 letter plainly states that "[i]f Ms. Jolles does not provide [Home Loan Services] with a complete application for a forbearance plan within 60 days, [Home Loan Services] will resume properly reporting the account to the credit reporting agencies."  There is no allegation that Jolles completed the application for a forbearance plan within 60 days.  On the contrary, paragraph 45 of the Complaint reveals that Jolles did not complete the application for the forbearance plan.  (Compl. ¶ 45, Ex. 7 pp. 3-4, ECF No. 1-11 ("Despite many calls, emails and letters, we were unable to obtain the lender's assistance with regard to the previously proposed forbearance.").)

This is not a case where the Plaintiffs have pleaded too little, but where they have pleaded too much and have refuted their own allegations by setting forth the evidence relied on to sustain them.  *See Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940). Where a pleading's exhibits contradict its allegations, the exhibits control.  *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).  The Plaintiffs' pleadings, specifically Exhibits 7 and 9, demonstrate that no contract existed obligating the Defendants to refrain from making adverse credit reports about Jolles.  Likewise, no contract existed requiring the Defendants to

---

[3]  Exhibit 9 of the Complaint consists of two letters.  The first, dated June 4, 2010, is from Dale Sifontes-Pierre-Lavine, Operations Manager of Home Loan Services, to Grumer & Macaluso, P.A., attorneys for Melanie Lee Jolles.  The second, dated July 30, 2010, is from Nicole Zepp, Customer Advocacy Specialist of Home Loan Services, to Grumer & Macaluso, P.A., attorneys for Melanie Lee Jolles.

permit Jolles to obtain a forbearance of her loan payments.  This claim will be dismissed without prejudice.

    C. *Count III: Unjust Enrichment*.  The Plaintiffs' unjust-enrichment claim is impermissible as pleaded and must be dismissed.

    Through their claim for unjust enrichment the Plaintiffs seek a judgment for the money it cost them to pursue the insurance proceeds for their home.  (Compl. ¶ 72 & "wherefore" clause of Count III, ECF No. 1.)  Essentially, the Plaintiffs are asking for the attorney's fees and other costs in connection with the litigation against the insurance company.  (*Id.*)  The Defendants urge the Court to dismiss the unjust-enrichment claim.  They argue that the allocation of expenses incurred pursuing the insurance proceeds is governed by the parties' mortgage contract.  Oddly, the Plaintiffs agree.

    The Plaintiffs argue that their unjust-enrichment claim is pleaded as a contingent claim. They explain that if their declaratory-judgment claim is decided unfavorably to them, then the unjust-enrichment claim would be triggered.  (Pls.' Resp. 7, ECF No. 14.)  But the declaratory-judgment claim seeks to establish the parties' rights and obligations under the mortgage contracts, including the allocation of the insurance-litigation expenses.  In other words, the Plaintiffs are asking the Court to first determine how to allocate the insurance-litigation expenses under their contracts with the Defendants.   If the Plaintiffs don't like those results, they would then have the unjust-enrichment claim activate in order to avoid the disposition that the Court just ruled was required by the contracts.

    This is not a legitimate use of an unjust-enrichment claim.  Under Florida law, a plaintiff may not pursue a claim for unjust enrichment if an express contract exists concerning the same subject matter.  *Williams v. Wells Fargo Bank N.A.*, No. 11-21233, 2011 WL 4901346 at *6 (S.D. Fla. Oct. 14, 2011) (Altonaga, J.)  Generally, claims may be pleaded in the alternative, or as a contingency.  Fed. R. Civ. P. 8(d); Fed. R. Civ. P. 18(b).  But an unjust-enrichment claim may not be pleaded in the alternative, or as a contingency, where all of the parties agree that an express contract governs the dispute.  *See Williams*, 2011 WL 4901346 at *6.

    The Plaintiffs have asked the Court to "adjudicate their rights and liabilities under the Mortgages," and declare that the Plaintiffs be reimbursed for the insurance-litigation expenses. (Compl. 13-14 ("wherefore" clause of Count I), ECF No. 1.)  The Plaintiffs may not use their unjust-enrichment claim as a contingency claim to subvert an unfavorable ruling in their declaratory-judgment claim because the declaratory-judgment claim is predicated on an

undisputed contract governing the parties' obligations.   Count III will be dismissed with prejudice.

    D.   *Count IV: Fair Credit Reporting Act Violation*.  This claim will be dismissed without prejudice as the Plaintiffs have conceded this claim was deficiently pleaded.

The Fair Credit Reporting Act imposes certain duties upon entities that furnish information to consumer reporting agencies.   15 U.S.C. § 1681s-2(b)(1).   These duties are triggered when a reporting entity is notified *by a consumer reporting agency* of an individual consumer's dispute.  *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639-40 (5th Cir. 2002); *accord Shaw v. Yorke*, No. 11-00076, 2011 WL 2563177 at *2 (M.D. Fla. June 28, 2011).

The Plaintiffs concede that they have not pleaded that a consumer reporting agency notified the Defendants of their disputes.   (Pls.' Resp. 9, ECF No. 14.)   The Plaintiffs have requested leave to amend.   This claim will be dismissed without prejudice.

    E.   *Count V: Slander of Credit*.  The Plaintiffs have adequately pleaded a cause of action for defamation.

Defamation, which consists of both slander and libel, is a viable cause of action under Florida law.  *See Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106, 1115 (Fla. 2008); *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983).   The essence of this claim is the publication of a false statement which injures another person.  *Byrd*, 433 So. 2d at 595. "Willful and malicious statements regarding a party's indebtedness or financial insolvency made with intent to injure and without regard to the truth, are actionable [as a defamation claim]."  *See Domres v. Perrigan*, 760 So. 2d 1028, 1030 (Fla.5th DCA 2000).

The Fair Credit Reporting Act has limited, through preemption, certain state-law causes of action.   The Act reads that "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against . . . any person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."   15 U.S.C. § 1681h(e).

"[M]alice is defined as a statement made 'with knowledge that it was false or with reckless disregard of whether it was false or not.'"  *Hunt v. Liberty Lobby*, 720 F.2d 631, 642 (11th Cir. 1983) (citing *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964)).   "Malice . . . and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

The Defendants argue that the Plaintiffs have failed to allege facts supporting a finding of malice.   The Plaintiffs have alleged that the Defendants "exhibited a knowing disregard for the

truth."  (Compl. ¶ 88, ECF No. 1.)  This is enough.  Since the Plaintiffs have sufficiently alleged that the Defendants acted with malice, their defamation claim is not preempted by the Fair Credit Reporting Act.

## IV. Conclusion

For the reasons explained above, it is **ORDERED and ADJUDGED** that the Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED in part and DENIED in part**. Counts II and IV are dismissed without prejudice.  Count III is dismissed with prejudice.  Count I and V remain.  The Plaintiffs may file an amended complaint on or before **March 22, 2013**.

Relatedly, the Defendants' Motion to Stay Discovery Pending Resolution of the Motion to Dismiss (ECF No. 26) is **DENIED** as moot.

**DONE and ORDERED** in chambers, at Miami, Florida, on March 12, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**